UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| The Estate of JUANITA AMELIA JACKSON,<br><br>　　　Plaintiff<br><br>v.<br><br>TRANS HEALTH MANAGEMENT, INC., TRANS HEALTHCARE, INC., RUBIN SCHRON, AND GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>　　　Defendants | Case No. _____<br><br>RELATED TO:<br>Case No. 8:10-CV-2937-VMC-TGW<br>Case No. 8:11-cv-1314-SDM-AEP<br>Case No. 8:11-cv-1322-SDM-TGW<br>Case No. 8:11-cv-1348-JSM-TGW |

## NOTICE OF REMOVAL BY THI OF BALTIMORE, INC.

THI of Baltimore, Inc. ("THIB"), by its attorneys, hereby removes this case and/or the claims against THIB pursuant to 28 U.S.C. § 1446(d). In support of this notice, THIB states as follows:

### Background

1.　Plaintiff initiated this negligence case in 2004 in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, State of Florida (the "State Court"). The action pending in the State Court was captioned *Jackson v. Transhealth Management, Inc., et al.*, No. 04-CA-3229 (the "State Court Case").

2.　In 2010, Plaintiff obtained a default judgment against the only two defendants remaining in the case: Trans Healthcare, Inc. and Trans Health Management, Inc. Later that year, Plaintiff conducted a damages trial before a jury in the State Court and, with no defendant

or defense counsel present, obtained a damages award $110 million ($55 million against each of the two defaulted defendants). Plaintiff has been unable to collect that judgment.

3. On December 14, 2010, the State Court granted Plaintiff's motion to implead two new defendants into the State Court Case: General Electric Capital Corporation ("GECC") and Rubin Schron, an individual.

4. GECC removed the case to this Court on December 30, 2010, and its Notice of Removal was docketed as Case No. 8:10-cv-2937-VMC-TGW. (Doc. 1, GECC Notice of Removal.)[1] GECC's Notice of Removal encompassed "all actions" at the State Court. (Doc. 5, 1/10/11 Amended Notice of Removal at 6.)

5. Plaintiff moved to remand, but this Court denied Plaintiff's motion to remand. (Doc. 68, 5/23/11 Order.)

6. On May 16, 2011, despite the fact that the case already had been removed, Plaintiff filed a motion to implead new defendants in the State Court Case. In that motion, Plaintiff sought to add THIB and twelve other defendants in the case that already had been removed. Plaintiff's motion was filed using the caption and docket number of the State Court Case, which already had been removed.

7. The Clerk of the State Court accepted the motion for filing, and docketed the motion in the State Court Case. The clerk's actions violated the exclusive jurisdiction of this Court because GECC's prior removal had operated to effect removal of the entire case. *See Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir. 1988) ("after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case"); *Gunning v. Brophy*, 746 So.2d 468, 468 (Fl. 2d DCA 1997) ("The removal to Federal court divested the state circuit court of jurisdiction. . . . The state court's order

---

[1] When citations to docket numbers are included in this notice, those citations correspond to filings in Case No. 10-cv-2937.

[entered after removal] was void ab initio."). "When a removal petition is filed and proper notice is given, **the entire case is transferred** to the federal district court." *Maseda*, 861 F.2d at 1251 (emphasis added).

8.  On May 17, 2011, the State Court granted the motion for impleader (the "First Order"). On May 23, 2011, the State Court entered an amended order granting the motion to implead (the "Impleader Order"). The Impleader Order purports to make THIB a party to the State Court Case, notwithstanding the fact that the case in which the State Court entered the order already had been removed, depriving the State Court of jurisdiction of the entire case. Plaintiff served the First Order on THIB on May 20, 2011, and served the Impleader Order on THIB on May 23, 2011.

9.  Plaintiff purports to implead THIB pursuant to Florida Statute § 56.29, and characterizes these proceedings as "supplemental" to the State Court Case. In fact, Plaintiff's efforts to proceed against THIB constitute proceedings against a new party on a theory of recovery that is unrelated to the original allegations concerning Ms. Jackson's death. Indeed, Plaintiff contends that the assets of Trans Healthcare, Inc. were divided up in a series of transfers that allegedly were fraudulent, with THIB receiving some of the assets. *(E.g.,* Pl.'s Mem. To Implead New Defendants ¶ 63.)

10. Though counsel for another party advised the Clerk of the State Court that the State Court was without jurisdiction to issue the Impleader Order or conduct further proceedings in this case in light of the removal to this Court, the State Court has not terminated its proceedings or vacated its orders. Instead, the State Court has set a case management conference for June 30, 2011. (6/2/11 Notice of Hearing.)

**Basis For Removal**

11. Removal is appropriate in this matter for two independent reasons.

12. First, this Court has already exercised jurisdiction over the entire purported "supplemental" proceeding in the State Court, when it denied Plaintiff's motion to remand after GECC's notice of removal. Nothing in the law or common sense permits the Plaintiff to avoid the effect of the Court's jurisdictional order simply by naming new "supplemental" defendants in the State Court. To hold otherwise would undermine the Court's jurisdiction, create parallel proceedings, and risk inconsistent adjudications. The Impleader Order was issued by the State Court without jurisdiction and is of no effect. If Plaintiff wishes to add new defendants to this matter, it must do so in this Court pursuant to the Federal Rules of Civil Procedure.

13. Second, to the extent the December 2010 removal was somehow not effective as to THIB, THIB has an independent basis to remove the case pursuant to the Court's diversity jurisdiction. As discussed below, the Court has diversity jurisdiction with respect to the purported "supplemental" claims against THIB.

### I. This Court Possesses Exclusive Jurisdiction Over The Purported Supplemental Proceedings And The Impleader Order Is Void.

14. All proceedings in the State Court Case were removed to this Court on December 30, 2010 by GECC's Notice of Removal. GECC's Notice of Removal encompassed "all actions" at the State Court. (Doc. 5, 1/1/11 Amended Notice of Removal at 6.) Even if GECC's Notice did not cover the entire State Court Case, GECC's Notice covered all purported supplemental proceedings in that matter. Thus, this Court had exclusive jurisdiction of these supplemental proceedings when Plaintiff filed the motion for impleader, and the Impleader Order is void.

15. Federal courts routinely exercise jurisdiction over purported "enforcement" or "garnishment" proceedings that are actually new lawsuits altogether and where diversity jurisdiction exists with respect to the new defendants. *E.g., Webb v. Zurich Ins. Co.*, 20 F.3d

759, 760 (11th Cir. 2000) (post judgment action "to collect a judgment are separate civil actions that are removable").

16. Because GECC's prior and proper removal vested jurisdiction in this Court, the State Court was without authority to receive or grant Plaintiff's motion to implead new defendants. After removal, a "[state court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). By filing its motion in the State Court, Plaintiff attempted to destroy the exclusivity of this Court's jurisdiction by adding new defendants in the State Court Case, but it cannot do so. "[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." *Maseda,* 861 F.2d at 1254-55.

17. To the extent the Plaintiff wishes to add new parties to its purported supplemental proceeding, it must do so in this case, pursuant to Federal Rules of Civil Procedure. There is no legal basis for the Plaintiff to add additional defendants to a state court matter that already has been removed.

18. Pursuant to 28 U.S.C. § 1446(d), this matter already has been removed to this Court, and the Impleader Order is of no effect.

   II.   **Alternatively, the Action Established by the Impleader Order Has Been Removed.**

19. Several of the parties named in the Impleader Order already have filed notices of removal to this Court.[2] To the extent that this Court concludes that the Impleader Order created a new, unified case which includes all newly-added defendants, THIB hereby relies on those previously-filed Notices of Removal to assert that this matter already has been removed to this

---

[2] Ventas Realty, LP and Ventas, Inc. filed a notice of removal that has been docketed in this Court as Case No. 8:11-cv-1314-SDM-AEP. Defendant Troutman Sanders LLP filed a notice of removal that has been docketed as Case No. 8:11-cv-01322-SDM-TGW. FLTCH, Murray Forman and Leonard Grunstein filed a notice of removal that has been docketed as Case No. 8:11-cv-01348-JSM-TGW.

Court. In that case, this Notice of Removal is unnecessary and, upon a ruling from this Court that the case already has been removed, shall be withdrawn. As represented in those Notices of Removal, all necessary parties, including THIB, have provided their consent to removal.

### III.     Alternatively, THIB Hereby Provides Notice Of Removal.

20. To the extent that this Court intends to treat the proceedings as to each individual defendant (or would-be defendant) as separate and distinct cases, or concludes that the prior removal is ineffective as to THIB, THIB hereby removes the claims against it in the case captioned as *Jackson v. Transhealth Management, Inc., et al.*, No. 04-CA-3229, pursuant to 28 U.S.C. §§ 1441 and 1446.

21. This Court has jurisdiction because it would have original jurisdiction over the action under 28 U.S.C. § 1332(a)(1), and because THIB has satisfied the all of the prerequisites for removal set out in 28 U.S.C. §§ 1441 and 1446.

22. At the time of her death in 2003, Juanita Amelia Jackson was a citizen of Florida residing in Polk County, Florida. The Plaintiff/Judgment Creditor, Juanita Jackson's personal representative, therefore is also a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(2).

23. THIB is a Delaware corporation with its principal place of business in Maryland. All of its stock is owned by Fundamental Long Term Care Holdings, LLC ("FLTCH"). FLTCH is a Delaware limited liability company with its principal place of business in Maryland. That company has two members, Murray Forman and Leonard Grunstein, who are residents of New York and New Jersey, respectively. *See* Notice of Removal filed by FLTCH in *Jackson v. Transhealth Management, Inc., et al.*, Case No. 11-cv-01348-JSM-TGW. Accordingly, complete diversity of citizenship exists as to any separately removable "claims" asserted against THIB. *See* 28 U.S.C. §§ 1332(a) and (c)(1).

24. Plaintiff seeks to hold THIB liable for a $110 million judgment. Thus, the amount in controversy exceeds $75,000, exclusive of costs and prejudgment interests.

25. Because THIB is not removing the claims against any of the other defendants, their consent to removal is not required under 28 U.S.C. § 1446 (though it has previously been given).

26. There is no other impediment to removal. Plaintiff's new claim against THIB is in "effect an original and independent action" and is removable in its own right. *See Butler v. Polk*, 592 F.2d 1293, 1295-96 (5th Cir. 1979) (writ of garnishment against a third-party to collect on a judgment was in essence a new action involving a new party and a new theory of liability and was removable). The fact that the state statute upon which Plaintiff relies to proceed against THIB identifies the proceedings as "supplemental" does not mean that this is anything other than an independent action. The state's characterization of proceedings is not controlling, as the independent nature of the proceedings is to be determined by federal, not state, law. *Id.* at 1296 n.7.

27. This Notice of Removal is timely, as it was filed, pursuant to 28 U.S.C. § 1446(b), within thirty days of Plaintiff's initial service of the First Order upon THIB.

28. In compliance with 28 U.S.C. § 1446 and Local Rule 4.02, THIB will promptly file copies of all documents filed in the State Court and served on THIB since THIB was ostensibly added as defendant in this matter. In addition, pursuant to Local Rule 4.02, THIB refers to Docs. 6-10 regarding all State Court filings made prior to the time THIB was ostensibly added in this matter.

29. In compliance with 28 U.S.C. § 1446(d), THIB also will promptly file a copy of this notice in the State Court, and will provide to Plaintiff and all other served parties in this matter written notice of its election to remove this matter.

WHEREFORE, THIB hereby removes to the U.S. District Court for the Middle District of Florida all of the claims made against THIB in *Jackson v. Transhealth Management, Inc., et al.* No. 04-CA-3229, in the Circuit Court of the Tenth Judicial Circuit of the State of Florida.

Dated:  June 20, 2011

Respectfully submitted,

DLA PIPER LLP (US)
*Counsel for Fundamental Administrative Services, LLC*

By: /s/ Angela J. Crawford
    Angela J. Crawford
    Florida Bar No. 0043611
100 North Tampa Street
Suite 2200
Tampa, FL 33602-5809
Phone:  (813) 229-2111
Fax:  (813) 229-1447
Email:  angela.crawford@dlapiper.com

Stacie E. Tobin
    Stacie E. Tobin**
    Florida Bar No. 0065550

6225 Smith Avenue
Baltimore, MD 21209
Phone:  (410) 580-3000
Fax:  (410) 580-3001
Email:  stacie.tobin@dlapiper.com

**Admission pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2011, I caused the foregoing document to be hand delivered to the Clerk. I further certify that a copy of the foregoing document was served on all parties on the attached service list via CM/ECF or U.S. Mail.


/s/ Stacie E. Tobin
Stacie E. Tobin

## SERVICE LIST

*Jackson-Platts v. Trans Health Management, Inc., et al.*
Case No. 8:10-cv-02937-VMC-TGW

| | | |
|---|---|---|
| **Blair Mendes**<br>**Isaac R. Ruiz-Carus**<br>**James Robert Freeman**<br>**James L. Wilkes, II**<br>**Bennie Lazzara**<br>**Joanna M. Greber**<br>Wilkes & McHugh, PA<br>Suite 800<br>1 N. Dale Mabry Hwy.<br>Tampa, FL 33609<br>813/873-0026<br>Fax: 813/286-8820<br>Email:  swhite@wilkesmchugh.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* | Representing | **Cathy Jackson-Platts**<br>*Personal Representative, of the Estate of Juanita Amelia Jackson formerly known as* Catherine Whatley |